**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**Fax (410) 962-1812**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

June 10, 2024

**LETTER ORDER**

    Re: Randy S. v. Commissioner, Social Security Administration
         Civil Case No. SAG-23-2500

Dear Plaintiff and Counsel:

    On September 14, 2023, Plaintiff Randy S. ("Plaintiff"), proceeding *pro se*, filed a complaint in this Court against the Social Security Commissioner's ("SSA's" or "Commissioner's" or "Defendant's") denial of benefits. ECF No. 1. The SSA filed the Official Transcript of Proceedings and Schedule on November 13, 2023. ECF No. 6. Plaintiff's deadline to submit a brief was January 12, 2024, as reflected on the docket entry. *Id.* Counsel for the SSA certified that Plaintiff was mailed a copy of the schedule, including the January 12, 2024 deadline, on November 14, 2023. ECF No. 7. Magistrate Judge Austin[1] issued an order on December 19, 2023, directing Plaintiff to file a written response explaining the SSA's error(s) or, "[a]t a minimum," to "indicate that [he] intends to proceed with [his] complaint." ECF No. 9, at 1. Judge Austin advised Plaintiff that if he did not do so by January 12, 2024, his complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *Id.* On January 9, 2024, Plaintiff filed a consent motion for a sixty-day extension. ECF No. 10, at 1. Accordingly, Judge Austin re-set Plaintiff's deadline to March 12, 2024. ECF No. 12. On March 11, 2024, Plaintiff filed a Second Consent Motion, requesting an additional thirty days to file his opening brief. ECF No. 13. Judge Austin granted Plaintiff's motion, re-setting the deadline to April 12, 2024. ECF No. 14. Plaintiff failed to meet the April 12, 2024 deadline for filing his opening brief, so on May 15, 2024, Judge Austin entered a Letter Order directing Plaintiff to file a written response by May 29, 2024. ECF No. 15. Judge Austin again advised Plaintiff that if he did not file by the indicated date, his complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 15, at 1. To date, Plaintiff has not filed a brief or otherwise responded to the Court's Order. Neither has Defendant filed a brief or a motion to dismiss.

    Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court also possesses "[t]he authority . . . to dismiss [an action] sua sponte for lack of prosecution" as part of its "inherent power." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Before doing so, however, the Court should consider the following factors: "(1) the

---

[1] This case was initially assigned to Magistrate Judge Austin pursuant to Standing Order 2021-12. ECF No. 8. Plaintiff was instructed to file a consent or declination to proceed before a U.S. Magistrate Judge by December 22, 2023. *Id.* To date, Plaintiff has failed to file a declination or consent.

<u>Randy S. v. Commissioner, Social Security Administration</u>
Civil Case No. SAG-23-2500
June 10, 2024
Page | 2

plaintiff's degree of personal responsibility; (2) the amount of prejudice caused [to] the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). "The factors supply a guideline rather than a rigid four-prong test." *Catherine D. v. Comm'r of Soc. Sec.*, No. DLB-19-1370, 2021 WL 1753568, at *1 (D. Md. May 4, 2021) (internal quotation marks omitted).

Considering these factors here, dismissal for lack of prosecution is appropriate. Plaintiff, as a *pro se* litigant, is personally responsible for prosecuting his case. Though *pro se* plaintiffs are "afforded some leeway, 'they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible.'" *Lori D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-22-2471, 2023 WL 11261902, at *1 (D. Md. July 13, 2023) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Additionally, Plaintiff's failure to prosecute his case causes Defendant prejudice. Defendant has no notice of the basis for Plaintiff's appeal, thereby preventing Defendant from mounting a defense. Plaintiff, in this case, has a history of dilatory prosecution by allowing both the April 12, 2024 deadline and the May 29, 2024 deadline to pass. *See Catherine D.*, WL 1753568, at *1. For both deadlines, Plaintiff was advised of the dates, in writing, well in advance. Furthermore, other sanctions less drastic than dismissal would be of little effect here. In recognition of Plaintiff's *pro se* status, this Court only required "at a minimum" some "indicat[ion] that [he] intends to proceed with [his] complaint[,]" but he was unsuccessful in even meeting this low threshold. ECF Nos. 9, 15. Plaintiff has failed to file a brief or otherwise communicate with the Court. Accordingly, consideration of the four factors identified by the Fourth Circuit suggests that dismissal in this case is appropriate.

For the foregoing reasons, this action is hereby DISMISSED without prejudice.

Despite the informal nature of this letter, it should be flagged as an Opinion and shall be docketed as such. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge